# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JERRED SCOTT KAHLENBECK, | ) |
| Petitioner, | ) |
| v. | ) No. 1:11-cv-703-TWP-DML |
| ALLAN FINNAN, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* Because habeas petitioner Jerred Scott Kahlenbeck has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

## Discussion

In a disciplinary proceeding identified as No. ISR 11-04-0047, Kahlenbeck was found guilty of violating prison rules at the Pendleton Correctional Facility, an Indiana prison, by his possession of intoxicants. The evidence favorable to the decision of the hearing officer is that on April 9, 2011, 2 bags of intoxicants attached to 2 bottles of shampoo with a rubber tube in a property box were found under the bunk, in the cell assigned to Kahlenbeck.

Contending that the proceeding was constitutionally infirm, Kahlenbeck seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due

process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Using the protections recognized in *Wolff* and *Hill* as an analytical template, and addressing the claims which have been properly preserved by having been included in his administrative appeal, Kahlenbeck received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Kahlenbeck was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Kahlenbeck's claims that he was denied the protections afforded by *Wolff* are refuted by the expanded record and based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Kahlenbeck to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/08/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jerred Scott Kahlenbeck
No. 975462
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Linda Sue Leonard
linda.leonard@atg.in.gov